IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MISAEL NUNEZ MARQUEZ,** § | | |
| **(Tarrant No. 0929781),** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | Civil Action No. 4:23-cv-026-O |
| § | | |
| **DANIEL B. SMITH,** § | | |
| § | | |
| **Defendant.** § | | |

**OPINION and ORDER of DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate Misael Nunez Marquez ("Marquez")'s case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the complaint, the Court finds that Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed **DISMISSED** with prejudice under authority of these provisions, but any remaining state law claims will be dismissed without prejudice.

**I.   BACKGROUND**

Plaintiff Marquez filed a form civil rights complaint. Compl., ECF No. 1. Marquez remains detained in the Tarrant County Jail. *Id*. at 1, 3. In the complaint, Marquez named as defendant attorney Daniel B. Smith. *Id.* at 1, 3. Marquez writes that he paid Smith for legal services, but that Smith then withdrew from the case. *Id.* at 3. Marquez provided the following state of claim:

> Mr. Smith took over my current case by way of motion submitted to the court on 7/30/2021 with a contract that was drafted in or around June 2021 with a prepayment of $2,500 that was paid by my (family/friend) Deimi Ortez. Afterwords during the months of July-September another payments of 150,00 and of $5,000.00 from the same (family/friend) Ortez, who authorized my funds

1

> transferred them to my (brother) Jose Davi Munez Marquez who made otto [sic] payment of $6,000.00 obtaining receipt dated on 9/28/2021. Likewise, refer contract agreement and receipts in possession of attorney Smith retained record.
>
> According to the above four (4) payments, an amount of $13,650.00 for trial purposes was drafted and procured and paid by Ms. Deimi Ortez, and my brother Jose Devi Nunez Marquez with my money to Mr. Smith who then refused himself and refused contact . . . seized [sic] communication after saying that he would no longer represent me or refund payment.

Compl. 4-5, ECF No. 1.  Marquez writes that he seeks "monetary relief." *Id.* at 4.

## II.     LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Marquez is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a). Because Marquez is proceeding in-forma-pauperis, his pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord*

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

## III.   ANALYSIS

### A.   No Color of Law

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993). As to Marquez's allegations against his former attorney Daniel Smith, he has failed to satisfy the second element. Marquez has failed to show that Daniel Smith, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993). Furthermore, Plaintiff has made no allegation that Smith was acting on behalf of the government or in any conspiracy with government officials. Thus, Marquez has not alleged facts to show that Smith was acting under color of law, such that any claim for violation of his constitutional rights asserted through 42

U.S.C. § 1983 must be dismissed.

### B. State Law Claims

It is evident from the complaint that Marquez also seeks to recover monetary damages under state law. Title 28 U.S.C. § 1367 provides that a district court may decline to exercise supplemental jurisdiction over state claims if, among other reasons, the "district court has dismissed all claims over which it had jurisdiction." *See* 28 U.S.C.A. § 1367(c)(3). Because the Court concludes that any federal claims asserted in this case must be dismissed, the Court, in the exercise of its discretion, finds that any remaining state law claims should be dismissed without prejudice.

### IV. CONCLUSION and ORDER

It is therefore **ORDERED** that all of plaintiff Misael Nunez Marquez's claims under 42 U.S.C. § 1983 against defendant Daniel Smith are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(i) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further **ORDERED** that all of Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** to his right to seek relief in state court.

**SO ORDERED** this **1st day** of **June, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**